**Rudolfo LOPEZ, Appellant,**

v.

**The STATE of Texas.**

**No. 1742–01.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 2002.

Jacquelyn L. Snyder, Adkins, for Appellant.

Daniel Thornberry, Assistant District Attorney, San Antonio, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court, joined by KELLER, P.J., and MEYERS, PRICE, WOMACK, JOHNSON, HOLCOMB, and COCHRAN, J.J.

We are once again asked to decide whether Rudolfo Lopez should have been permitted to introduce evidence that Paul, the 12–year–old boy he was charged with sexually assaulting, had previously accused his mother of physical abuse.[1] We previously rejected Lopez's argument that the Confrontation Clause compelled its admissibility.[2] Lopez argues that the evidence was admissible as a prior inconsistent statement. We once again conclude that the trial court properly excluded the evidence.

### Facts

Paul testified that Lopez forced him to perform oral sex on Lopez numerous times over the course of several months. During cross-examination, the following occurred:

[DEFENSE COUNSEL]: You have lied about little things?

[PAUL]: Yes.

[DEFENSE COUNSEL]: And you have lied about big things?

[PAUL]: No.

[DEFENSE COUNSEL]: Do you remember in 1991, February 16, 1991?

[PROSECUTOR]: Objection, your Honor. May we approach?

After an unrecorded bench conference during which the trial court apparently refused to permit counsel's questioning, defense counsel proceeded with another line of questioning. Later, counsel was permitted to put on the record that she was attempting to impeach Paul with the "prior inconsistent statement ... where he had made a false complaint to DHS regarding his mother throwing him against a washer."

### Procedural History

Lopez was convicted of aggravated sexual assault of a child and indecency with a child and sentenced to 12 years in prison on each count. On appeal, he challenged the trial court's evidentiary ruling. Initially, the Court of Appeals reversed the conviction.[3] We vacated that opinion and remanded for the appellate court to consider the State's argument under Evidence Rule 608(b).[4] On remand, the Court of Appeals again reversed the conviction, this time holding that, despite Rule 608(b), the Confrontation Clause demanded that the evi-

---

1. See *Lopez v. State,* 18 S.W.3d 220 (Tex.Crim. App.2000) (*Lopez IV*).

2. *Id.*

3. *Lopez v. State,* No. 04–96–00343 CR, 1997 WL 404268 (Tex.App.-San Antonio 1997) (not designated for publication) (*Lopez I*).

4. *Lopez v. State,* No. 97–1193 (Tex.Crim.App. 1998) (not designated for publication) (*Lopez II*).

dence be admitted.[5] We reversed again, holding that the evidence was inadmissible under Rule 608(b) and the Confrontation Clause did not mandate its admissibility.[6] We remanded for the Court of Appeals to address Lopez's second point of error.[7]

On remand, the Court of Appeals addressed Lopez's argument that the evidence was admissible under Evidence Rule 613(a) as a prior inconsistent statement.[8] The Court of Appeals agreed with Lopez and reversed the conviction.[9] Justice Angelini dissented, explaining that "Rule 613(a) [is] inapplicable because the complainant's trial testimony was not inconsistent with the prior statement he made to the Department." [10] We granted the State's petition for discretionary review of this decision. We once again reverse the Court of Appeals.

## Analysis

Initially, we note that the relevant rule at the time of Lopez's trial was Texas Rule of Criminal Evidence 612. Since Lopez's trial, the Rules of Evidence have been consolidated, and the text of former Rule of Criminal Evidence 612 has moved, essentially unchanged, to Rule of Evidence 613. We will discuss this case in terms of current Rule of Evidence 613.[11]

Rule 613(a) permits a party to impeach a witness with a prior inconsistent state-ment. In order to qualify for admission under Rule 613(a), the court must be persuaded that the statements are indeed inconsistent.[12] We review a trial court's evidentiary ruling for an abuse of discretion.[13] As long as the judge's ruling is within the zone of reasonable disagreement, we will not intercede.[14]

To justify admission of this evidence under Rule 613(a) and demonstrate that the trial court abused its discretion, Lopez would have to establish that Paul's previous accusation against his mother is inconsistent with Paul's statement at trial that he has never "lied about big things." He cannot do so. As we explained in our last opinion:

> ... [T]he prior accusation was never shown to be false. The record reflects that the Texas Department of Human Services "closed" the case and "ruled out" the abuse. But their file also indicates that the "likelihood of maltreatment is moderate" and that the case was closed because the mother was seeking counseling. This could simply indicate a lack of evidence to prove the allegation at that time, or an administrative decision that, despite the allegation's validity, the parties would best be served by closing the case.[15]

Since the allegation was not shown to be false, its existence does not contradict

**5.** *Lopez v. State,* 989 S.W.2d 402 (Tex.App.-San Antonio 1999) (*Lopez III*).

**6.** *Lopez IV,* 18 S.W.3d at 226.

**7.** *Id.*

**8.** *Lopez v. State,* 61 S.W.3d 547 (Tex.App.-San Antonio 2001) (*Lopez V*).

**9.** *Id.* at 552.

**10.** *Id.* at 553 (Angelini, J., dissenting).

**11.** *See, e.g., Torres v. State,* 71 S.W.3d 758, 760 n. 3 (Tex.Crim.App.2002).

**12.** *United States v. Hale,* 422 U.S. 171, 176, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *Grunewald v. United States,* 353 U.S. 391, 418, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957).

**13.** *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997); *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (op. on reh'g).

**14.** *Montgomery,* 810 S.W.2d at 391.

**15.** *Lopez IV,* 18 S.W.3d at 225–26.

Paul's statement at trial that he has not "lied about big things."

As a result, we cannot conclude that the trial court abused its discretion in denying Lopez's request to admit the evidence as a prior inconsistent statement. The Court of Appeals erred in concluding otherwise. We reverse the judgment of the Court of Appeals and affirm the trial court's conviction.

HERVEY, J., did not participate.