NO. 07-01-0430-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 31, 2002

_____

EDWIN JOSEPH PETERS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 183RD DISTRICT COURT OF HARRIS COUNTY;

NO. 850566; HON. JOAN HUFFMAN, PRESIDING

_____

Before QUINN and REAVIS, JJ. and BOYD, SJ.[1]

Appellant Edwin Joseph Peters was convicted of indecency with a child and sentenced to 61 years confinement. On appeal, he asserts issues in which he claims the trial court erred in admitting evidence of an extraneous offense, in limiting the cross-examination of the complainant's mother,[2] in denying him a mistrial when it was discovered one of the jurors knew the complainant's mother, and in allowing the investigating police

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

[2]Appellant complains of this error in four issues in which he claims violations of both federal and state law and that harm occurred as a result of those violations.

officer to testify to his opinion of the victim's truthfulness. We affirm the judgment of the trial court.

## Background

On March 29, 2002, the complainant's mother, Myrna Martinez, left four of her five children at a day care center before she went to work. Her nine-year-old daughter, the complainant in this proceeding, stayed home to wait for her cousins to walk to school. The complainant was left alone with appellant who was her stepfather. She was watching television when appellant pushed her down on the couch and took off her skirt. He then unfastened his jumpsuit and pulled down his pants. He also pulled down the victim's panties and touched her private parts with his fingers. He tried to put his penis inside of her but her mother returned because she had forgotten her apron and hat for work. The complainant's mother saw appellant masturbating with one hand and using the other hand to "play" with the complainant.

## Issue One - Admission of Extraneous Offense

Appellant complains in his first issue of the admission into evidence by Police Officer David Spates of the commission of a prior offense by appellant against the same victim that occurred approximately one month prior to the incident for which he was on trial. Officer Spates was the first adult that the victim had told about the incident that her mother observed. The court held a hearing outside the presence of the jury and overruled appellant's objection under Rule 404 of the Rules of Evidence. We overrule issue one.

Evidence of other crimes, wrongs, or bad acts is not admissible to prove the character of a person to show he acted in conformance with that character. TEX. R. EVID.

2

404(b). It can however, be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Furthermore, article 38.37 of the Code of Criminal Procedure provides that, notwithstanding Rule 404, evidence of other crimes, wrongs, or acts committed by the defendant against a child who is the victim of the alleged offense is admissible for its bearing on relevant matters including the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child. TEX. CODE CRIM. PROC. ANN. art. 38.37 §2 (Vernon Supp. 2002 ); *see also McCoy v. State,* 10 S.W.3d 50, 54 (Tex. App.—Amarillo 1999, no pet.) (holding statute is dispositive of the defendant's Rule 404 challenge, and thus testimony from witnesses that the victim told them he had been sexually abused on several occasions was admissible); *Brown v. State,* 6 S.W.3d 571, 578-79 (Tex. App.—Tyler 1999, pet. ref'd) (holding that testimony of other bad acts in which the defendant asked the child for a kiss and touched her buttocks was admissible as relevant and probative of the states of mind of the victim and the defendant and the nature of their relationship). Therefore, admission of the prior act by appellant was relevant to the relationship between appellant and the child and the commission of the instant offense by appellant.

Although appellant also argues the probative value of the evidence was substantially outweighed by the danger of unfair prejudice under Rule 403 of the Rules of Evidence, to preserve that error with respect to the admission of the extraneous offense, it was necessary for appellant to lodge a separate objection under that rule. *Montgomery v. State,* 810 S.W.2d 372, 389 (Tex. Crim. App. 1990). Because appellant failed to do so,

3

any complaint on appeal is waived. *Morgan v. State,* 816 S.W.2d 98, 105 (Tex. App. - Waco 1991, pet. ref'd).

### Issues Two, Three, Four, and Five - Limited Cross-Examination

Via his second, third, fourth and fifth issues, appellant challenges the trial court's limitation of his cross-examination of the victim's mother on both state and federal grounds. We overrule the issue.

When appellant began his cross-examination of the victim's mother, he posed the following questions:

> Q. (BY MS. RICHARDSON) There is currently a suit affecting the parent-child relationship pending in the 314th District that involves you and your children; is that correct?
>
> MR. PETROFF: I'm going to object to the relevance.
>
> THE COURT: Sustained.
>
> Q. (BY MS. RICHARDSON) You've already testified that you do not currently have custody of your children, right?
>
> MR. PETROFF: I'm going to object to irrelevance.
>
> THE COURT: Sustained.
>
> THE WITNESS: Yes.
>
> Q. (BY MS. RICHARDSON) Do you want that custody back?
>
> A. Yes.

Appellant argues that he is entitled to show bias, interest, prejudice or any other mental state which may tend to affect the credibility of the witness. Specifically, he asserts, he was prevented from showing the motive of the witness "to make herself 'look good' in the eyes of CPS [Child Protective Services] to enhance her chances of getting her children

4

back" by helping to secure the conviction and punishment of an abuser. According to appellant, the failure of the court to permit this line of questioning violated the Texas Constitution as well as article 1.05 of the Code of Criminal Procedure and the Sixth and Fourteenth Amendments of the United States Constitution.[3]

Where a ruling has been made excluding evidence, the substance of the evidence must be made known to the court by offer or be apparent from the context in which the questions were asked. TEX. R. EVID. 103(a)(2). When evidence which could reflect on the witness's credibility has been excluded on cross-examination, it is not necessary to show what specific facts the cross-examination would have revealed. But, it is necessary to show the subject matter on which the complainant desires to examine the witness. *Virts v. State,* 739 S.W.2d 25, 29 (Tex. Crim. App. 1987); *Lopez v. State,* 61 S.W.3d 547, 550 (Tex. App.—San Antonio 2001), *rev'd on other grounds,* No. 1742-01, slip op. 2002 WL 31186455 (Tex. Crim. App. Oct. 2, 2002); *Cantu v. State,* 994 S.W.2d 721, 730 (Tex. App.—Austin 1999), *pet. dism'd, improvidently granted*, 19 S.W.3d 436 (Tex. Crim. App. 2000); *Hoyos v. State,* 951 S.W.2d 503, 507 (Tex. App.—Houston [14th Dist.] 1997), *aff'd,* 982 S.W.2d 419 (Tex. Crim. App. 1998). Further, the court should be apprised as to why the evidence should be admitted. TEX. R. APP. P. 33.1; *Virts,* 739 S.W.2d at 29 (holding counsel should explain why the evidence should be admitted); *Hoyos,* 951 S.W.2d at 507

_____

[3]We use the same legal analysis in reviewing claims of deprivation of the right of confrontation under both state and federal constitutions. *Loven v. State,* 831 S.W.2d 387, 393 n.4 (Tex. App.—Amarillo 1992, no pet.); *see also Lagrone v. State,* 942 S.W.2d 602, 614 (Tex. Crim. App.), *cert. denied,* 522 U.S. 917, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997) (finding no meaningful distinctions between the confrontation clauses in the federal and state constitutions). Further, appellant has not separately argued his alleged violation of article 1.03 of the Code of Criminal Procedure, and we will therefore not discuss it separately.

(holding that when evidence is excluded in violation of the confrontation clause, the complaining party must let the trial judge know what he wants and why he is entitled to it).

In this instance, appellant offered no explanation or remarks in response to the court's sustaining of the State's objections. He neither informed the court as to why he wished to question the witness about the CPS proceeding nor that he was being deprived of his right of confrontation by the court's failure to let him do so. Based on the record and under these circumstances, appellant has not preserved his complaint for review.

### Issue Six - Denial of Mistrial

After the complainant's mother testified, a juror revealed to the court that she was acquainted with the witness. Appellant complains in his sixth issue that the trial court should have granted his motion for mistrial as a result of the juror's knowledge of the facts of the case because of that relationship. We overrule the issue.

The substance of the juror's knowledge of the witness and the facts of the case are as follows:

> JUROR: Okay. When I was working there, and she was working at Subway, I knew her manager, Ann, because we went there every Tuesday. And I remember when she was pregnant. And I remember her making references to - - I didn't know her name back then - - but Myrna, that the husband didn't have a job and all of the pressure was on her. And she did work up there until she delivered. And I just remember her face. And although we didn't get as close as me and Ann did, the manager, because she was mostly, she was putting sandwiches together, . . . .

The court instructed the juror that she could not use that knowledge as part of her deliberations or share it with the rest of the jury and questioned her as to whether she could give appellant a fair trial and base her decision on the evidence in the courtroom. In response to that questioning, she replied, "I think I can do that - - oh, I mean, I can do

6

that." When the court repeated the question, the juror replied, "Yes." The juror also affirmed that she could judge the witness's credibility on what was said in the courtroom. Appellant sought a mistrial on the basis that the juror "would give a degree of credibility that is outside of the realm of what's been testified to . . . ." The motion was denied.

There is no showing that the juror intentionally withheld information or failed to provide information in response to any specific question asked on voir dire. In other cases where a juror has revealed some knowledge of a witness after selection of the jury or commencement of trial, it has been held that no error exists if the juror did not intentionally conceal knowledge and is able to state that he or she can be unbiased. *Hill v. State,* 493 S.W.2d 847, 848 (Tex. Crim. App. 1973) (holding that failure to declare mistrial was not error even though juror revealed after beginning of trial that she lived in the neighborhood of a gas station where a murder occurred after a robbery and her son had purchased soft drinks from the murdered attendant, because the record did not show that the juror concealed knowledge when questioned on voir dire or that she was biased or prejudiced); *Groh v. State,* 725 S.W.2d 282, 285 (Tex. App.—Houston [1st Dist.] 1986. pet ref'd) (finding no reversible error when the juror testified he did not recall being asked about the witness during voir dire, he would not recognize the name if asked, and his acquaintance with the witness by working together for several months did not cause him any bias or prejudice); *Drousche v. State,* 651 S.W.2d 883, 889-90 (Tex. App.—Austin 1983, pet. ref'd) (holding there was no reversible error when, after the first witness was called, the juror stated he had met the victim's father one time and would work with him in the future, because there was no showing of intentional deceit and the juror stated he could be fair and impartial). Further, when the juror only has an acquaintance through work with the witness and there

is no showing of any type of friendship, the relationship is not material and presents no potential for prejudice or bias. *See Decker v. State,* 717 S.W.2d 903, 907 (Tex. Crim. App. 1983); *see also Vandefifer v. State,* 682 S.W.2d 605, 607 (Tex. App.—Texarkana 1984, no pet.) (holding that when the juror only knows the witness by sight, the knowledge is "tangential," and there is no harm).

In this instance, the juror knew the witness by sight from having patronized the eating place where the witness worked. There is no showing of a friendship or personal relationship. Although appellant argues that the juror was in essence a "witness" herself, any knowledge she may have had as to the fact appellant may have at one time been unemployed was immaterial to the facts of this case since the testimony was that, at the time of the incident, he was dressed in his overalls to go to work. Further, although appellant contends the juror was equivocal in her statement as to whether she could be fair and impartial, she did state positively she could give appellant a fair trial. The trial court did not commit error in failing to grant a mistrial.

### Issue Seven - Testimony as to Truthfulness

Appellant argues in his final issue that the trial court erred in admitting the testimony of Detective Joseph Stevens in which he gave his opinion as to the credibility of the complainant's statement. We overrule the issue.

At the time the State posed the question as to whether the witness "thought that [the complainant's] statement was credible," no objection was made by appellant. Thus, the officer's response came in unopposed. Having remained silent below, appellant waived his complaint on appeal. TEX. R. APP. P. 33.1(a)(1); *Crossman v. State,* 797 S.W.2d 321,

325 (Tex. App.—Corpus Christi 1990, no pet. ) (failure to object waived the complaint that the State improperly bolstered the child complainant's testimony through an expert witness by allowing him to voice an opinion as to her credibility).

Accordingly, we affirm the judgment of the trial court.


Per Curiam


Do not publish.