In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00099-CR
_____

RONALD JASON DEGAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A-110541-R

**MEMORANDUM OPINION**

A jury found Ronald Jason Degay guilty of felony possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010). In his sole issue on appeal, Degay challenges the trial court's admission of an out-of-court witness statement that the State attributed to Degay's father, James Degay. The written statement admitted during Degay's trial states that James owned the truck that Degay was driving when he was stopped, James was not aware there were drugs in the truck, James loaned Degay the truck so that Degay could look for a

1

job, James did not drive the truck, and that Degay was the only person who drove it. According to Degay, the statement should not have been attributed to James because James's wife wrote it and James did not sign it. Because there was evidence from which the jury could reasonably conclude that James adopted the written statement as his own, we conclude the trial court did not abuse its discretion by admitting the statement into evidence. We overrule Degay's sole issue and affirm the trial court's judgment.

After being stopped for committing a traffic violation, the police searched the truck Degay was driving and found a prescription bottle that contained cocaine behind the driver's door panel. James owned the truck and came to the scene to pick it up. At the scene, James told the police that Degay drove the truck all the time.

Later that same evening, Sergeant Laughlin, a police officer employed by the Orange police department, went to James's house to obtain his statement. According to Sergeant Laughlin, after discussing with James whether Degay or others regularly drove James's truck, he requested that James give him a written statement. James asked his wife, Margie Degay, to write out his oral statement and handed her a clipboard and a pen.

2

In his motion to suppress, Degay argued that the statement written by Margie could not be attributed to James. The trial court conducted a pre-trial hearing on Degay's motion to suppress. "In reviewing a trial court's ruling on a motion to suppress, appellate courts must view all of the evidence in the light most favorable to the trial court's ruling." *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). "When the trial court does not make explicit findings of fact, the appellate court infers the necessary factual findings that support the trial court's ruling if the record evidence (viewed in light most favorable to the ruling) supports these implied fact findings." *Id*. "When a trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court's determinations of historical facts and mixed questions of law and fact rely on determinations that involve the credibility of the witnesses, the trial court's decision on such motions, when supported by the record, is given almost total deference; otherwise, the trial court's decision is reviewed using a *de novo* standard. *See State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). Because the

trial court's resolution relied on its determinations of credibility, the trial court's decision is given almost total deference.

Two witnesses, James and Margie, testified during the suppression hearing. Margie explained that she wrote the statement and signed James's name on it. According to Margie, the police officer "told me basically what to write[.]" Although Margie stated that James could have signed his name to the statement, she testified that she wrote the statement at his request and that the officer then told her to sign it. James testified that he did not write the statement or sign it, but he agreed that he was present when it was being written. When asked was there anything in the statement that was not true, James answered: "I -- everything pretty much seem -- I really don't remember. It seemed pretty much of what's on here." James subsequently testified that he and Margie agreed with the statement "except for the part where [Degay] was the only one driving[.]"

At the conclusion of the suppression hearing, the trial court denied Degay's motion to suppress. On appeal, Degay argues that the trial court abused its discretion by admitting the statement to impeach James's testimony during trial because James had not written or signed the statement at issue. *See* Tex. R. Evid. 613(a) (addressing the examination of a witness about a prior inconsistent statement). Alternatively, Degay argues that the probative value of the statement

was substantially outweighed by the danger of unfair prejudice; he concludes that the trial court's admission of the statement at issue affected his substantial rights. *See* Tex. R. Evid. 403.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). "If the trial court's decision to admit evidence is within the zone of reasonable disagreement, the trial court has not abused its discretion, and we must defer to that decision." *Lund v. State*, 366 S.W.3d 848, 852 (Tex. App.— Texarkana 2012, pet. ref'd). The credibility of a witness may be attacked by any party, and Rule 613(a) of the Texas Rules of Evidence permits a party to impeach a witness with a prior inconsistent statement. *See* Tex. R. Evid. 607, 613(a).

Under Rule 613(a), a prior statement must be inconsistent with the testimony the witness gives at trial. *Lopez v. State*, 86 S.W.3d 228, 230-31 (Tex. Crim. App. 2002). The proper predicate for impeachment by a prior inconsistent statement requires that the witness first be asked if he made the contradictory statement at a certain place and time and to a certain person. Tex. R. Evid. 613(a). If the witness denies having made the inconsistent statement, the prior inconsistent statement becomes admissible. *McGary v. State*, 750 S.W.2d 782, 786 (Tex. Crim. App. 1988).

Evidence admissible as impeachment under Rule 613(a) may be excluded under Rule 403 if its probative value is substantially outweighed by its prejudicial effect. *See Winegarner v. State*, 235 S.W.3d 787, 791 (Tex. Crim. App. 2007). "The rule gives the trial court considerable latitude to assess the courtroom dynamics, to judge the tone and tenor of the witness' testimony and its impact upon the jury, and to conduct the necessary balancing." *Id.* However, a trial court should not allow a party to use a "straw-man ploy to get impeachment evidence before the jury as substantive evidence." *Miranda v. State*, 813 S.W.2d 724, 735 (Tex. App.—San Antonio 1991, pet. ref'd). When a party objects to the admission of evidence and asks the trial court to weigh the probative value against the potential for unfair prejudice, "[c]ourts should balance the probative value of admitting the prior inconsistent statement for its legitimate impeachment purpose against the danger of unfair prejudice created by the jury misusing the statement for substantive purposes." *Id.*

Degay never objected to the admissibility of the written statement on the ground that its probative value was substantially outweighed by the danger of unfair prejudice, nor did he request the trial court to weigh the probative value of the statement against any danger of prejudice. Instead, Degay objected that the statement could not be attributed to James and that admitting it would be

6

prejudicial. Degay's trial objection did not fairly apprise the trial court that he wanted the trial court to weigh the probative value of the evidence against the danger that it might be unfairly prejudicial, and he did not obtain a ruling from the trial court addressing whether the statement's probative value outweighed the danger that it might be unfairly prejudicial. Because Degay's Rule 403 argument was not properly preserved and the trial court never ruled on it, we do not consider it on appeal. *See* Tex. R. App. P. 33.1 (preserving error for appellate review requires the complaining party to show that he presented his complaint to the trial court in a timely request, objection, or motion and that the trial court ruled on the request).

Nevertheless, because Degay's brief includes an argument that the statement at issue was not admissible as James's prior inconsistent statement, we address his claim that the statement was inadmissible under Rule 613 of the Texas Rules of Evidence. Degay's argument that relates to Rule 613 was presented to the trial court in a motion to suppress and renewed when he objected to the introduction of the statement at issue during trial on the basis that it was a statement that should not be attributed to James. The trial court ruled on the motion and the objection, and allowed the State to present the written statement to the jury.

The evidence regarding the statement at issue provided the trial court a basis to admit it under Rule 613. First, there was evidence from which the jury could conclude that James adopted the statement. The jury could reasonably conclude that James asked Margie to write down what he said and that he then authorized Margie to sign his name to the statement, as she signed his name in his presence. Second, the statement is inconsistent with James's trial testimony about whether persons other than Degay had driven the truck. At trial, when the prosecutor asked James if he told Sergeant Laughlin that Degay was the only person who drove the truck, James testified that he "did not." The written statement admitted into evidence states that James represented on the night that Degay was stopped that Degay was the only person who drove the truck. The admission of James's prior inconsistent statement is relevant because from the inconsistent statement the jury could have decided that James was not a credible witness. *See Hernandez v. State*, 273 S.W.3d 685, 689 (Tex. Crim. App. 2008). Third, when the statement was admitted, James had been advised of the contents of the statement, was aware that the statement being discussed was a statement created during his interview at his home on the evening that Degay was stopped, and James was provided an opportunity to explain or deny that he made the statement.

Having carefully reviewed the evidence before the trial court, the trial court properly concluded that there was conflicting evidence on whether James adopted the statement written by Margie as his own and allowed the conflicts in the testimony regarding the statement to be resolved by the jury. Based on our conclusion that the trial court did not abuse its discretion by admitting the statement at issue, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 30, 2013
Opinion Delivered February 12, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.