**Opinion issued January 22, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-24-00237-CR

_____

**ISAIAH CHAVEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 95350-CR**

---

## MEMORANDUM OPINION

Appellant Isaiah Chavez was convicted of the third-degree felony of escape and sentenced to four years' confinement and a $1,000 fine, with the sentence of confinement suspended and placement on community supervision for ten years. Appellant challenges his conviction in two issues. The State additionally asserts that

the judgment should be reformed to conform with the jury's verdict that both the sentence of confinement *and* $1,000 fine be suspended during appellant's term of community supervision. We affirm the judgment as modified per the State's request.

## Background

In April 2022, a Harris County judge signed a warrant to arrest appellant for murder. Deputy Thomas Chase Grupe with the Brazoria County Sheriff's Office was contacted regarding the warrant and researched how to find appellant.

On April 14, 2022, Deputy Grupe was performing surveillance when he observed someone who matched appellant's description walk by. Deputy Grupe was in plain clothes and in an unmarked pick-up truck. Deputy Grupe testified he activated the emergency lights on the truck and pulled up next to appellant in a convenience store shopping area. Deputy Grupe testified he exited the vehicle with his gun and badge displayed and asked for appellant's name. After appellant responded, "Isaiah Chavez," Deputy Grupe arrested appellant and placed him in handcuffs. Deputy Grupe informed appellant there was a warrant, appellant asked what the warrant was for, and Deputy Grupe said murder. Deputy Grupe placed appellant in the front passenger seat of the truck and closed the door, but shortly after, appellant managed to open the door and run away down the sidewalk a short distance before Deputy Grupe tackled him. Appellant's escape was recorded by a nearby surveillance camera.

Appellant was charged with the third-degree felony of escape, which requires a finding that appellant intentionally or knowingly escaped from Deputy Grupe's custody when appellant was under arrest for, charged with, or convicted of a felony offense. At trial, appellant objected to the admission of the evidence that the underlying felony for which he was arrested was murder and to the admission of the arrest warrant. A jury convicted appellant and sentenced him to four years' confinement and a $1,000 fine, with the sentence of confinement suspended and appellant placed on community supervision for ten years. Appellant now appeals.

## Analysis

### A. The trial court did not abuse its discretion by admitting evidence that appellant was arrested for murder

We begin with appellant's second issue because its resolution facilitates resolution of his first issue. In his second issue, appellant argues the trial court erred by admitting evidence of the extraneous offense of murder because (1) the type of felony for which he was arrested was irrelevant to the escape offense and (2) mentioning murder was highly prejudicial and inflamed the jury, causing the jury to convict on an improper ground.

We review a trial court's decision on the admissibility of evidence under the abuse-of-discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). Under that standard, a trial court's ruling is an abuse of discretion if it is so clearly wrong as to lie outside the zone of reasonable disagreement or is

arbitrary or unreasonable. *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002); *see State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

As charged, the jury could convict if it found beyond a reasonable doubt that appellant escaped from custody when under arrest for, charged with, or convicted of a felony. TEX. PENAL CODE § 38.06(a), (c). Thus, appellant is correct that proving the specific felony for which he was arrested—murder—was not a required element of the escape offense. However, the State argued to the trial court that evidence the felony was murder was admissible to show appellant's intent and motive to escape, given that murder is a serious charge. Specifically, the State argued:

> So the State's first contention here is that this allegation that . . . the arrest warrant is for a murder goes to his intent. And this is why: You're going to hear testimony today from the officer that he had a conversation while making this arrest with the defendant. And the defendant asks him, "Why am I being arrested? What is it for?"
>
> And in response to that question, the officer says, "For murder."
>
> And then it's mere seconds later after ultimately being placed in the car . . . that the defendant turns his back while handcuffed behind his back and is able to unlock the door and escape from the vehicle and run away. It is very, very close in time; and it goes 100 percent to his intent, why he was acting that way.
>
> . . .
>
> So I think the State has a non-404 purpose here, which is going to be the intent and motive of the defendant.

We agree with the State's argument.

Ordinarily, evidence of a crime, wrong, or other act is not admissible under Texas Rule of Evidence 404(b) to prove a person's character in order to show that on a particular occasion, the person acted in accordance with that character. TEX. R. EVID. 404(b)(1); *State v. Nunez*, 704 S.W.3d 598, 624 (Tex. App.—Houston [1st Dist.] 2024, pet. ref'd). However, extraneous-offense evidence may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). The permissible purposes listed in Rule 404(b) "are neither mutually exclusive nor collectively exhaustive" because the rule is one "of inclusion rather than exclusion." *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009) (quotations omitted).

Deputy Grupe testified that, when he exited his truck and asked appellant his name, the following exchange occurred:

> [*A.*] . . . He then identified himself as "Isaiah Chavez."
>
> I said, "Okay." I said, "Turn around and put your hands around your back," which he complied. Put handcuffs on his wrists. Told him, "Hey, I've got a warrant for you."
>
> You know, "What's the warrant for?"
>
> I said, I'll tell you in a second." Double locked the handcuffs and walked him to my truck.
>
> . . .
>
> Opened up the passenger door. He asked me what the warrant was for.

I said murder. At that --

*Q*. All right. So what happens after that?

*A*. After that, Isaiah started getting excited, of course; started stiffening up, you know, kind of throwing his body around. I was able to reach into my truck and grab my radio and said, "Hey, you know, send me some more units," because at that time I was only -- had my partner headed to me.

. . .

[*Q*.] . . . And what happens next after you pick up your radio and make that call?

*A*. I was able to calm him down. He went ahead and sat down in my truck. I put the seat belt on him, walked around to the driver's side, opened it to get in it. And at that time his back was -- he managed to get out of the seat belt and his back was up against the driver -- or the passenger's door and he was able to open the door.

I'm like -- I panicked, of course. So I run back around to the bed side of my truck, and he's already running.

Hence, evidence that the warrant was for murder supported that appellant had the intent and motive to escape, considering he first became excited not when initially placed under arrest, but when he was told the arrest was for murder. Up until that point, the evidence shows appellant cooperated with Deputy Grupe. The jury could have reasonably determined that being informed of the type of felony, murder, for which he was arrested motivated appellant to escape shortly thereafter. *See Vital v. State*, No. 2-02-421-CR, 2003 WL 22966375, at *2 (Tex. App.—Fort Worth Dec. 18, 2003, no pet.) (mem. op., not designated for publication) (agreeing that appellant's "statement admitting that he had been to jail for a prior offense of

6

unauthorized use of a motor vehicle shows that he had a motive for evading arrest"). We hold evidence that the felony was murder was admissible for a permissible purpose and therefore not barred by Rule 404(b).

We next consider appellant's argument that evidence the felony was murder was inadmissible under Texas Rule of Evidence 403 because it was highly prejudicial and inflamed the jury. Rule 403 permits the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." TEX. R. EVID. 403. In balancing the probative value of evidence against the danger of unfair prejudice resulting from its admission, the trial court must consider the following non-exclusive factors:

> (1) how probative the evidence is, (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence.

*Colone v. State*, 573 S.W.3d 249, 266 (Tex. Crim. App. 2019). These factors "may well blend together in practice." *Gigliobianco v. State*, 210 S.W.3d 637, 642 (Tex. Crim. App. 2006).

We have already explained that evidence the felony was murder was probative to show appellant's motive to escape. *See Colone*, 573 S.W.3d at 267 (holding extraneous-offense evidence probative of defendant's motive is "a significant circumstance indicating guilt"). The State also had a substantial need for this evidence because appellant's defense at trial was that he did not intend to escape

7

custody but instead reacted instinctively without thinking. The State could use evidence that the felony was murder to rebut this defensive theory because Deputy Grupe's testimony supported an inference that learning his arrest was for murder caused appellant to decide to escape.

The trial court could have concluded that evidence the felony was murder did not have the potential to impress the jury in some irrational, but nevertheless indelible way. The State was required to prove a felony arrest, charge, or conviction, so in any event, the jury was going to hear appellant had been arrested for a serious crime. *See* TEX. PENAL CODE § 38.06(a), (c). Learning that the serious crime was murder, by itself, would not likely cause the jury to irrationally decide appellant must also be guilty of escape, particularly because the trial court made clear that the State could not go into the facts of the murder, and the State complied.

Finally, it was not time consuming at trial to put on evidence that the felony was murder, especially because the State did not go into any facts of the alleged murder or whether appellant committed it. We hold evidence that the felony was murder was not barred by Rule 403.

The trial court did not abuse its discretion by admitting evidence that the felony for which appellant was arrested was murder. We overrule appellant's second issue.

**B. Admission of the warrant did not harm appellant**

In his first issue, appellant contends that the arrest warrant for murder was inadmissible because it was not properly authenticated and hearsay. Even if the admission of the warrant was erroneous, it was harmless.

If the trial court abused its discretion in admitting evidence, the error is not reversible unless it affected appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018) (stating erroneous admission of evidence is non-constitutional error that requires reversal only if it affected appellant's substantial rights). An error affects appellant's substantial rights only when the error has "a substantial and injurious effect or influence in determining the jury's verdict." *Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023). After examining the record as a whole, if we have fair assurance that the error did not influence the jury—or had but a slight effect—we will not reverse appellant's conviction. *Gonzalez*, 544 S.W.3d at 373. In making that determination, we consider (1) the character of the alleged error and how it might be considered in connection with other evidence, (2) the nature of the evidence supporting the verdict, (3) the existence and degree of additional evidence indicating guilt, and (4) whether the State emphasized the complained of error. *Id.* Neither party has the burden to show harm; instead, the reviewing court assesses harm by examining the record as a

9

whole. *Loch v. State*, 621 S.W.3d 279, 282 (Tex. Crim. App. 2021); *Werner v. State*, 412 S.W.3d 542, 547 (Tex. Crim. App. 2013).

Appellant argues the harm stemming from the admission of the arrest warrant requires reversal of his conviction because the State emphasized the warrant's contents by having Deputy Grupe testify that the warrant states it was for the offense of murder. Appellant further asserts that the warrant does not merely state that he was to be arrested for murder but more affirmatively states appellant "committed the felony offense of Murder." Examining the record as a whole, we conclude admission of the warrant was harmless.

We have already determined that the trial court did not err in allowing evidence appellant was arrested for murder. Additionally, Deputy Grupe testified, without objection, that in April 2022, he was contacted about a warrant for "Isaiah Chavez," that he received a copy of the warrant from his lieutenant and learned that the warrant was still good, and that he then proceeded to track down appellant. As decribed, Deputy Grupe testified that he had an exchange with appellant during which he told appellant the warrant was for murder, and it was at that moment the appellant stopped cooperating. Deputy Grupe testified that, when he told appellant "Hey, you're under arrest. I have a warrant for you," appellant was under arrest and that appellant was in his custody after being placed in handcuffs. Deputy Grupe also testified that murder is a felony offense.

Hence, outside the admission of the warrant itself, the jury was informed about the existence of the warrant and that it was for the felony offense of murder. This means the warrant itself was largely cumulative of other evidence.

We also note that the sureveillance video, which contains no audio, shows appellant walking on the sidewalk when Deputy Grupe approaches in his truck and stops in front of appellant. The video shows Deputy Grupe lead appellant from the driver's side of the truck to the front passenger door. Deputy Grupe testified that, by this point of the video, he had "already taken [appellant] in custody, advised him he was under arrest, that he had a warrant." After around one minute and twenty seconds of being outside the truck, Deputy Grupe places appellant into the front passenger seat of the truck. Deputy Grupe then walks around to the driver's side of the truck, and appellant opens the front passenger door and starts to run away down the sidewalk with his hands still behind his back, and Deputy Grupe in pursuit. The video then shows Deputy Grupe tackle appellant, and appellant thrash around with Deputy Grupe on top of him.

Accordingly, the jury had strong video evidence that appellant escaped, albeit briefly, from Deputy Grupe's custody. That in conjunction with the evidence, apart from the warrant itself, that Deputy Grupe took appellant into custody based on a warrant for the felony offense of murder, significantly lessened any impact the warrant itself may have had on the jury's decision to convict appellant of escape.

11

Finally, the State did not emphasize during closing arguments the actual warrant itself or mention the fact that the warrant states appellant "committed the felony offense of Murder." In no manner did the State argue that appellant was guilty of the underlying murder. Instead, in its thirteen-page argument, the State mentioned "murder" a single time, arguing what evidence outside the warrant itself showed: that appellant was taken into custody pursuant to a warrant for murder. The State focused its argument on what the survelliance video showed, namely that appellant was taken into custody, placed in the truck, and then escaped from the truck.[1]

Accordingly, after examining the whole record, we have fair assurance that the error did not influence the jury or had but a slight effect. *See Cook*, 665 S.W.3d at 599; *Gonzalez*, 544 S.W.3d at 373. We overrule appellant's first issue.

## C.    Judgment modification

Lastly, the State asserts that the trial court's judgment does not match the jury's verdict and requests that we reform the judgment to conform to the jury's verdict. Specifically, although the judgment orders appellant to pay the $1,000 fine assessed by the jury, the jury's verdict had both the sentence of confinement and the

---

[1]    We also note the jury asked for the sureviellance video and the warrant during its deliberations. In light of the video and testimony apart from the warrant itself that appellant was taken into custody pursuant to a warrant for murder, we do not believe the jury's request to see the warrant is significant in our harm analysis.

12

fine community supervised. We agree and modify the trial court's judgment to reflect that both the sentence of confinement and the fine are community supervised. *See* TEX. R. APP. P. 43.2(b) (stating court of appeals may "modify the trial court's judgment and affirm it as modified"); *Darosa v. State*, No. 01-23-00813-CR, 2024 WL 4982503, at *15 (Tex. App.—Houston [1st Dist.] Dec. 5, 2024, no pet.) (mem. op., not designated for publication).

## Conclusion

We affirm the judgment of the trial court as modified.


Andrew Johnson
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).