Opinion filed February 18,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                           No. 11-08-00295-CR 

                                                     __________

 

                          FELIX
JONATHAN CERVANTES, Appellant

 

                                                             V.

 

                                       STATE
OF TEXAS, Appellee

 

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR34759

 



 

                                            M
E M O R A N D U M   O P I N I O N

The jury convicted appellant, Felix Jonathan
Cervantes, of the offense of theft from a person.  See Tex. Penal Code Ann. ' 31.03(e)(4)(B) (Vernon Supp. 2009). 
The jury also found Atrue@ on two prior state jail
felony convictions that were alleged for enhancement purposes and assessed 
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of thirty-two months.  Appellant challenges his
conviction in four points of error.  We affirm.








                                                                Background
Facts

Appellant was charged by indictment with
unlawfully acquiring and exercising control over Elizabeth Pauley=s purse and its contents
without her consent and with the intent to deprive her of the property.  Pauley
testified that on the afternoon of May, 18, 2008, Jose Ernesto Santos stole her
purse from her in the parking lot of PetSmart in Midland.  The State called
Santos as a witness at appellant=s
trial.  Santos testified that appellant drove him to the PetSmart parking lot
in appellant=s car and
that appellant subsequently transported him away from the parking lot after the
theft occurred.  Additionally, Pauley and two witnesses to the theft, Jennifer
Lynn and John Linton, identified appellant as the driver of the green Dodge
Intrepid with temporary license plates that transported Santos to and from the
PetSmart parking lot.

Officers with the Midland Police Department
made an attempt to locate the car described by Pauley and the witnesses soon
after the theft occurred.  Sergeant Alfredo Grimaldo located the vehicle parked
in front of a gas pump at a Seven-Eleven convenience store.  He attempted to
watch the vehicle while he awaited a confirmation of the vehicle involved in
the theft, but the occupants of the vehicle sped away when they saw him.  Sergeant
Grimaldo attempted to follow the vehicle in his patrol car, but he was unable
to keep up as they drove through a residential neighborhood.  Police officers
subsequently located the vehicle a short time later.  They followed the vehicle
until it stopped at a residence on Pasadena Street.  Appellant was driving the
car at the time, and Santos was sitting on the passenger side.  A subsequent
check revealed that both the vehicle and the residence on Pasadena belonged to
appellant=s mother.

                                                         Sufficiency
of the Evidence








Appellant challenges the legal and factual
sufficiency of the evidence in his first point.  To determine if the evidence
is legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Hooper v. State, 214 S.W.3d
9, 13 (Tex. Crim. App. 2007); Jackson v. State, 17 S.W.3d 664, 667 (Tex.
Crim. App. 2000).  To determine if the evidence is factually sufficient, the
appellate court reviews all of the evidence in a neutral light.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v.  State,
23 S.W.3d 1, 10‑11 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407‑08 (Tex. Crim. App. 1997); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines
whether the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence.  Watson, 204
S.W.3d at 414‑15; Johnson, 23 S.W.3d at 10‑11.  The finder
of fact is the sole judge of the weight and credibility of the witnesses= testimony. Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2005), art. 38.04 (Vernon 1979).

Appellant attacks the sufficiency of the
evidence on two grounds.  He first challenges the evidence that identifies him
as the driver of the car that transported Santos to and from the PetSmart 

parking lot.  He additionally challenges the evidence that
establishes his culpability for the theft.  He contends that the State failed
to prove that he was a party to the theft offense committed by Santos.

In addition to Santos=s testimony, the victim and two witnesses of
the theft identified appellant as the driver of the vehicle.  With respect to
the accuracy of their identification testimony, we defer to the jury=s determination of the
witnesses=
credibility.  Jackson, 443 U.S. at 326.  Furthermore, the evidence
establishes that appellant=s
mother owned the car and that he was driving the car at the time he and Santos
were apprehended by the police.

Under the law of parties, a person may be
charged as a party to the offense if the offense is committed by his own
conduct or by the conduct of another for whom he is criminally responsible. Tex. Penal Code Ann. ' 7.01(a) (Vernon 2003).  A
person is criminally responsible for an offense committed by another if he
intentionally promotes or assists the commission of the offense by soliciting,
encouraging, directing, aiding, or attempting to aid the other person to commit
the offense. Tex. Penal Code Ann.
' 7.02(a)(2) (Vernon
2003).  The evidence supports a conviction under the law of parties when the
person was physically present at the commission of the offense and encouraged
the commission of the offense by words or other agreement.  See Ransom v.
State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994).  To determine whether
the defendant was a party, we may examine the events occurring before, during,
and after the commission of the offense and rely on the actions of the
defendant, which show an understanding and common design to do the prohibited
act. Id.   








We primarily focus on Santos=s testimony to determine
appellant=s
culpability for the theft.  Santos initially testified that he and appellant
did not have any previous discussions about Santos stealing a purse in the
PetSmart parking lot.  Santos continued to deny that appellant had any
involvement when the prosecutor confronted him with a statement that Santos
made at the time of arrest implicating appellant.  However, Santos subsequently
changed his testimony by testifying that appellant Aknew what we were going to do. . . .  He knew
I got off to steal the lady=s
purse.@

Appellant attacks Santos=s testimony on two
grounds.  He first contends that Santos=s
damaging testimony cannot be believed because Santos also testified that
appellant did not have any involvement in the theft.  We disagree.  We presume
that the jury resolved the conflicts in Santos=s
testimony in favor of the prosecution, and we defer to that determination in
reviewing the sufficiency of the evidence.  Jackson, 443 U.S. at 326.  

Appellant additionally asserts that Santos=s testimony as an
accomplice was not sufficiently corroborated.  Tex. Penal Code Ann. '
31.03(c)(2) (Vernon Supp. 2009) sets out the corroboration requirements
for an accomplice=s
testimony in a theft case.  See Lee v. State, 29 S.W.3d 570, 576 (Tex.
App.CDallas 2000, no
pet.).  Section 31.03(c)(2) provides as follows:

[T]he
testimony of an accomplice shall be corroborated by proof that tends to connect
the actor to the crime, but the actor=s
knowledge or intent may be established by the uncorroborated testimony of the
accomplice.

 

Thus, Section 31.03(c)(2) is similar to the general
accomplice witness rule set out in Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 2005) with one exception:  an
accomplice=s testimony
in a theft case regarding the defendant=s
knowledge or intent does not need to be corroborated.  See Lee, 29
S.W.3d at 576.  This exception is applicable to Santos=s testimony regarding appellant=s knowledge of Santos=s intent to steal the
purse.  Even without this exception, there is non-accomplice testimony that
corroborates Santos=s
testimony that appellant assisted in the commission of the crime.  Pauley
testified that the driver of the vehicle leaned over and opened the door for Santos
as he ran away from Pauley and that the driver then drove away at a high rate
of speed.  








Moreover, there is ample evidence that
corroborates the remaining portions of Santos=s 
testimony.  In conducting a sufficiency review under the accomplice witness
rule, the reviewing court must eliminate the accomplice testimony from
consideration and then examine the remaining portions of the record to
ascertain if there is any evidence that tends to connect the accused with the
commission of the crime.  Solomon v. State, 49 S.W.3d 356, 361 (Tex.
Crim. App. 2001); Hernandez v. State, 939 S.W.2d 173, 176 (Tex.
Crim. App. 1997).  Appellant=s
ownership of the car, his presence inside the car at the time that the police
apprehended the car and its occupants, and the evidence identifying him as the
driver at the time of the theft corroborate Santos=s testimony.  

Viewing the evidence in the light most
favorable to the verdict, we conclude that any rational trier of fact could
have found the essential elements of theft from a person with respect to
appellant beyond a reasonable doubt.  Viewing all of the evidence in a neutral
light, the evidence supporting the conviction is not so weak to render the
verdict clearly wrong and manifestly unjust.  Furthermore, the conflicting
evidence does not outweigh the evidence supporting the conviction to the degree
that would cause the verdict to be against the great weight and preponderance
of the evidence.  Appellant=s
first point is overruled.

In his third point, appellant contends that
his due process rights were violated because his conviction was based upon a
lack of evidence.  Our determination that appellant=s conviction was supported by legally and
factually sufficient evidence with regard to the first point is dispositive of
this contention.  Appellant=s
third point is overruled.

                                                        Prior
Inconsistent Statement

Appellant asserts in his second point that
the trial court did not require the State to follow the proper procedure in
admitting Santos=s
prior inconsistent statement for impeachment purposes.  He also contends that
the trial court erred in determining that the probative value of the prior
inconsistent statement was not substantially outweighed by the danger of unfair
prejudice. We review a trial court=s
decision to admit or exclude evidence under an abuse of discretion standard. Oprean
v. State, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); Burden v. State,
55 S.W.3d 608, 615 (Tex. Crim. App. 2001). An appellate court will not reverse
a trial court=s ruling
unless that ruling falls outside the zone of reasonable disagreement.  Zuliani
v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); Burden, 55
S.W.3d at 615. 








On direct examination by the prosecutor,
Santos initially testified that he and appellant did not have any previous
discussions about stealing a purse from a customer in the PetSmart parking
lot.  In response to Santos=s
answer, the prosecutor asked him if he recalled telling Detective Sheldon
Johnson at the time of arrest that he and appellant discussed stealing a purse
as they drove to PetSmart.  Santos testified that he did not remember making
this statement to Detective Johnson.  The prosecutor additionally asked Santos
if he recalled telling Detective Johnson that appellant ordered him to give the
purse to appellant after it was stolen.  Santos testified that he did not
remember making this statement to Detective Johnson.  The prosecutor
subsequently asked that the trial court allow the State to play the audio of
Santos=s statement to
Detective Johnson outside of the presence of the jury in order to refresh Santos=s recollection of the
statement.  After playing the audio of the statement to Santos, the prosecutor
then questioned Santos outside of the presence of the jury about the
statement.  Santos testified that the comments that he made to Detective
Johnson implicating appellant in the theft were incorrect.

At the conclusion of the hearing outside of
the presence of the jury, appellant objected to the admission of Santos=s statement to Detective
Johnson on the grounds that it would constitute an improper use of a prior
inconsistent statement and that the probative value of the statement would be
substantially outweighed by the danger of unfair prejudice.  The trial court
overruled appellant=s
objections to the statement.  However, the trial court ruled that the statement
would only be admitted for impeachment purposes and that it would give a
limiting instruction to this effect at the time the statement was offered.

The prosecutor resumed his direct
examination of Santos in the jury=s
presence.  He asked Santos about the various comments that he made to Detective
Johnson implicating appellant.  Specifically, the prosecutor asked Santos if he
recalled making the following comments to Detective Johnson:  (1) AAnd did you tell Detective
Johnson that [appellant] told you to just find somebody and take her purse@; (2) AAnd you said, I believe, on
the statement, that [appellant] encouraged you to steal her purse@; and (3) AAnd I believe you said
earlier that [appellant] threw the purse away.@ 
Santos testified that he recalled making these comments after listening to the
audio of the statement.  Santos further testified that he lied to Detective Johnson
in telling him that appellant was involved in the theft.  Appellant
subsequently changed his trial testimony during cross-examination by appellant=s trial counsel by stating
that his comments to Detective Johnson implicating appellant were correct and
that his previous testimony to the contrary was false.








The credibility of a witness may be attacked
by any party, including the party calling the witness.  Tex. R. Evid. 607.  Tex.
R. Evid. 613(a) permits a party to impeach a witness with a prior
inconsistent statement.  To be admissible under Rule 613(a), a prior statement
must be inconsistent with the one given at trial.  Lopez v. State, 86
S.W.3d 228, 230 (Tex. Crim. App. 2002).  The proper predicate for impeachment
by a prior inconsistent statement requires that the witness first be asked if
he made the contradictory statement at a certain place and time and to a
certain person.  If the witness denies making the contradictory statement, it
can then be proved by the prior inconsistent statement. McGary v. State,
750 S.W.2d 782, 786 (Tex. Crim. App. 1988).  Extrinsic evidence of an
inconsistent statement is not admissible if the witness unequivocally admits
having made the statement.  Clark v. State, 881 S.W.2d 682, 695 n.11
(Tex. Crim. App. 1994).  

We conclude that the trial court did not
permit the predicate requirements of Rule 613(a) to be violated because
extrinsic evidence of Santos=s
statement to Detective Johnson was not offered before the jury.  At the
prosecutor=s request,
extrinsic evidence of the statement was provided to Santos to refresh his
recollection outside of the jury=s
presence.  When proceedings before the jury resumed, the prosecutor=s questions to Santos
followed the format contemplated by Rule 613(a) by presenting him with the
contradictory statements that he had previously made and giving him an
opportunity to admit or deny making the statements.  Furthermore, the trial
court took the extra step of instructing the jury that it could only consider
the prior statements for impeachment purposes.  See Miranda v. State,
813 S.W.2d 724, 735 (Tex. App.CSan
Antonio 1991, pet. ref=d)
(A witness=s prior
inconsistent statement is admissible only for purposes of impeachment unless it
falls within a hearsay exception.).

Evidence admissible as impeachment under
Rule 613(a) may be excluded under Tex.
R. Evid. 403 if its probative value is substantially outweighed by its
prejudicial effect. See Winegarner v. State, 235 S.W.3d 787, 791
(Tex. Crim. App. 2007). AThe
rule gives the trial court considerable latitude to assess the courtroom
dynamics, to judge the tone and tenor of the witness=[s] testimony and its impact upon the jury,
and to conduct the necessary balancing.@
Winegarner, 235 S.W.3d at 791.  A trial court=s duty, when presented with the issue of the
admissibility of a prior inconsistent statement is to balance the probative
value, or legitimate impeachment purpose of the statement, against the danger
of unfair prejudice to the opposing party in the form of the potential misuse
of the statement by the trier of fact for substantive purposes.  Miranda,
813 S.W.2d at 735.








We conclude that the trial court did not
abuse its discretion in overruling appellant=s
objection under Rule 403.  As an accomplice, Santos=s version of the events was critical to
appellant=s prosecution. 
The probative value of impeaching Santos=s
potentially untrue testimony was not substantially outweighed by the potential
misuse by the jury of his previous statement to Detective Johnson. 
Furthermore, a party may not impeach its own witness if the primary purpose is
merely to get the witness=s
prior statement before the jury.  Hughes v. State, 4 S.W.3d 1, 4 (Tex.
Crim. App. 1999).  In this regard, a party is not permitted to use a Astraw‑man ploy@ to get impeachment
evidence before the jury as substantive evidence by calling a witness it knows
will testify inconsistently with a previous statement he or she has given.   Miranda,
813 S.W.2d at 735.  The trial court expressly determined that there was no
evidence that the State anticipated that Santos=s
trial testimony would be inconsistent with his statements to Detective Johnson
or that the State called Santos as a witness in bad faith.  As noted by the
court in Hughes, surprise on the part of the party calling the witness
is a factor to be considered in a Rule 403 analysis.  Hughes, 4 S.W.3d
at 5.  Appellant=s
second point is overruled.

                                                                  Jury
Argument

In his fourth point, appellant contends that
the State made impermissible jury arguments.  In one instance, the prosecutor
stated:  AMr. Santos
is the one that took the purse.  And I believe the evidence shows, [appellant]
participated in his doing that.@ 
In another instance, the prosecutor stated:  AAnd
I=ll submit to you
that the B you don=t have to convict
[appellant] on the testimony of Mr. Santos, that you have got the other
evidence, which is more than sufficient to convict him.@ Appellant contends that these statements
invaded the jury=s
exclusive role in determining the credibility of the witnesses.  However, appellant
did not object to either of the challenged jury arguments.  A defendant who
fails to object to a jury argument forfeits his right to complain about the
argument on appeal.  Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996).  Therefore, appellant=s
complaints are waived.  See id. at 89.  Appellant=s fourth point is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

February 18, 2010

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.