**Opinion filed February 18, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00295-CR

_____

### FELIX JONATHAN CERVANTES, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR34759**

### MEMORANDUM OPINION

The jury convicted appellant, Felix Jonathan Cervantes, of the offense of theft from a person. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(B) (Vernon Supp. 2009). The jury also found "true" on two prior state jail felony convictions that were alleged for enhancement purposes and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of thirty-two months. Appellant challenges his conviction in four points of error. We affirm.

*Background Facts*

Appellant was charged by indictment with unlawfully acquiring and exercising control over Elizabeth Pauley's purse and its contents without her consent and with the intent to deprive her of the property. Pauley testified that on the afternoon of May, 18, 2008, Jose Ernesto Santos stole her purse from her in the parking lot of PetSmart in Midland. The State called Santos as a witness at appellant's trial. Santos testified that appellant drove him to the PetSmart parking lot in appellant's car and that appellant subsequently transported him away from the parking lot after the theft occurred. Additionally, Pauley and two witnesses to the theft, Jennifer Lynn and John Linton, identified appellant as the driver of the green Dodge Intrepid with temporary license plates that transported Santos to and from the PetSmart parking lot.

Officers with the Midland Police Department made an attempt to locate the car described by Pauley and the witnesses soon after the theft occurred. Sergeant Alfredo Grimaldo located the vehicle parked in front of a gas pump at a Seven-Eleven convenience store. He attempted to watch the vehicle while he awaited a confirmation of the vehicle involved in the theft, but the occupants of the vehicle sped away when they saw him. Sergeant Grimaldo attempted to follow the vehicle in his patrol car, but he was unable to keep up as they drove through a residential neighborhood. Police officers subsequently located the vehicle a short time later. They followed the vehicle until it stopped at a residence on Pasadena Street. Appellant was driving the car at the time, and Santos was sitting on the passenger side. A subsequent check revealed that both the vehicle and the residence on Pasadena belonged to appellant's mother.

*Sufficiency of the Evidence*

Appellant challenges the legal and factual sufficiency of the evidence in his first point. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v.*

2

*State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. The finder of fact is the sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2005), art. 38.04 (Vernon 1979).

Appellant attacks the sufficiency of the evidence on two grounds. He first challenges the evidence that identifies him as the driver of the car that transported Santos to and from the PetSmart parking lot. He additionally challenges the evidence that establishes his culpability for the theft. He contends that the State failed to prove that he was a party to the theft offense committed by Santos.

In addition to Santos's testimony, the victim and two witnesses of the theft identified appellant as the driver of the vehicle. With respect to the accuracy of their identification testimony, we defer to the jury's determination of the witnesses' credibility. *Jackson*, 443 U.S. at 326. Furthermore, the evidence establishes that appellant's mother owned the car and that he was driving the car at the time he and Santos were apprehended by the police.

Under the law of parties, a person may be charged as a party to the offense if the offense is committed by his own conduct or by the conduct of another for whom he is criminally responsible. TEX. PENAL CODE ANN. § 7.01(a) (Vernon 2003). A person is criminally responsible for an offense committed by another if he intentionally promotes or assists the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person to commit the offense. TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2003). The evidence supports a conviction under the law of parties when the person was physically present at the commission of the offense and encouraged the commission of the offense by words or other agreement. *See Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994). To determine whether the defendant was a party, we may examine the events occurring before, during, and after the commission of the offense and rely on the actions of the defendant, which show an understanding and common design to do the prohibited act. *Id*.

We primarily focus on Santos's testimony to determine appellant's culpability for the theft. Santos initially testified that he and appellant did not have any previous discussions about Santos stealing a purse in the PetSmart parking lot. Santos continued to deny that appellant had any involvement when the prosecutor confronted him with a statement that Santos made at the time of arrest implicating appellant. However, Santos subsequently changed his testimony by testifying that appellant "knew what we were going to do. . . . He knew I got off to steal the lady's purse."

Appellant attacks Santos's testimony on two grounds. He first contends that Santos's damaging testimony cannot be believed because Santos also testified that appellant did not have any involvement in the theft. We disagree. We presume that the jury resolved the conflicts in Santos's testimony in favor of the prosecution, and we defer to that determination in reviewing the sufficiency of the evidence. *Jackson*, 443 U.S. at 326.

Appellant additionally asserts that Santos's testimony as an accomplice was not sufficiently corroborated. TEX. PENAL CODE ANN. § 31.03(c)(2) (Vernon Supp. 2009) sets out the corroboration requirements for an accomplice's testimony in a theft case. *See Lee v. State*, 29 S.W.3d 570, 576 (Tex. App.—Dallas 2000, no pet.). Section 31.03(c)(2) provides as follows:

> [T]he testimony of an accomplice shall be corroborated by proof that tends to connect the actor to the crime, but the actor's knowledge or intent may be established by the uncorroborated testimony of the accomplice.

Thus, Section 31.03(c)(2) is similar to the general accomplice witness rule set out in TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005) with one exception: an accomplice's testimony in a theft case regarding the defendant's knowledge or intent does not need to be corroborated. *See Lee*, 29 S.W.3d at 576. This exception is applicable to Santos's testimony regarding appellant's knowledge of Santos's intent to steal the purse. Even without this exception, there is non-accomplice testimony that corroborates Santos's testimony that appellant assisted in the commission of the crime. Pauley testified that the driver of the vehicle leaned over and opened the door for Santos as he ran away from Pauley and that the driver then drove away at a high rate of speed.

Moreover, there is ample evidence that corroborates the remaining portions of Santos's testimony. In conducting a sufficiency review under the accomplice witness rule, the reviewing court must eliminate the accomplice testimony from consideration and then examine the remaining

4

portions of the record to ascertain if there is any evidence that tends to connect the accused with the commission of the crime. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001); *Hernandez v. State*, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997). Appellant's ownership of the car, his presence inside the car at the time that the police apprehended the car and its occupants, and the evidence identifying him as the driver at the time of the theft corroborate Santos's testimony.

Viewing the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found the essential elements of theft from a person with respect to appellant beyond a reasonable doubt. Viewing all of the evidence in a neutral light, the evidence supporting the conviction is not so weak to render the verdict clearly wrong and manifestly unjust. Furthermore, the conflicting evidence does not outweigh the evidence supporting the conviction to the degree that would cause the verdict to be against the great weight and preponderance of the evidence. Appellant's first point is overruled.

In his third point, appellant contends that his due process rights were violated because his conviction was based upon a lack of evidence. Our determination that appellant's conviction was supported by legally and factually sufficient evidence with regard to the first point is dispositive of this contention. Appellant's third point is overruled.

*Prior Inconsistent Statement*

Appellant asserts in his second point that the trial court did not require the State to follow the proper procedure in admitting Santos's prior inconsistent statement for impeachment purposes. He also contends that the trial court erred in determining that the probative value of the prior inconsistent statement was not substantially outweighed by the danger of unfair prejudice. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Burden*, 55 S.W.3d at 615.

On direct examination by the prosecutor, Santos initially testified that he and appellant did not have any previous discussions about stealing a purse from a customer in the PetSmart parking lot. In response to Santos's answer, the prosecutor asked him if he recalled telling Detective Sheldon Johnson at the time of arrest that he and appellant discussed stealing a purse as they drove to

5

PetSmart. Santos testified that he did not remember making this statement to Detective Johnson. The prosecutor additionally asked Santos if he recalled telling Detective Johnson that appellant ordered him to give the purse to appellant after it was stolen. Santos testified that he did not remember making this statement to Detective Johnson. The prosecutor subsequently asked that the trial court allow the State to play the audio of Santos's statement to Detective Johnson outside of the presence of the jury in order to refresh Santos's recollection of the statement. After playing the audio of the statement to Santos, the prosecutor then questioned Santos outside of the presence of the jury about the statement. Santos testified that the comments that he made to Detective Johnson implicating appellant in the theft were incorrect.

At the conclusion of the hearing outside of the presence of the jury, appellant objected to the admission of Santos's statement to Detective Johnson on the grounds that it would constitute an improper use of a prior inconsistent statement and that the probative value of the statement would be substantially outweighed by the danger of unfair prejudice. The trial court overruled appellant's objections to the statement. However, the trial court ruled that the statement would only be admitted for impeachment purposes and that it would give a limiting instruction to this effect at the time the statement was offered.

The prosecutor resumed his direct examination of Santos in the jury's presence. He asked Santos about the various comments that he made to Detective Johnson implicating appellant. Specifically, the prosecutor asked Santos if he recalled making the following comments to Detective Johnson: (1) "And did you tell Detective Johnson that [appellant] told you to just find somebody and take her purse"; (2) "And you said, I believe, on the statement, that [appellant] encouraged you to steal her purse"; and (3) "And I believe you said earlier that [appellant] threw the purse away." Santos testified that he recalled making these comments after listening to the audio of the statement. Santos further testified that he lied to Detective Johnson in telling him that appellant was involved in the theft. Appellant subsequently changed his trial testimony during cross-examination by appellant's trial counsel by stating that his comments to Detective Johnson implicating appellant were correct and that his previous testimony to the contrary was false.

The credibility of a witness may be attacked by any party, including the party calling the witness. TEX. R. EVID. 607. TEX. R. EVID. 613(a) permits a party to impeach a witness with a prior inconsistent statement. To be admissible under Rule 613(a), a prior statement must be inconsistent

6

with the one given at trial. *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002). The proper predicate for impeachment by a prior inconsistent statement requires that the witness first be asked if he made the contradictory statement at a certain place and time and to a certain person. If the witness denies making the contradictory statement, it can then be proved by the prior inconsistent statement. *McGary v. State*, 750 S.W.2d 782, 786 (Tex. Crim. App. 1988). Extrinsic evidence of an inconsistent statement is not admissible if the witness unequivocally admits having made the statement. *Clark v. State*, 881 S.W.2d 682, 695 n.11 (Tex. Crim. App. 1994).

We conclude that the trial court did not permit the predicate requirements of Rule 613(a) to be violated because extrinsic evidence of Santos's statement to Detective Johnson was not offered before the jury. At the prosecutor's request, extrinsic evidence of the statement was provided to Santos to refresh his recollection outside of the jury's presence. When proceedings before the jury resumed, the prosecutor's questions to Santos followed the format contemplated by Rule 613(a) by presenting him with the contradictory statements that he had previously made and giving him an opportunity to admit or deny making the statements. Furthermore, the trial court took the extra step of instructing the jury that it could only consider the prior statements for impeachment purposes. *See Miranda v. State*, 813 S.W.2d 724, 735 (Tex. App.—San Antonio 1991, pet. ref'd) (A witness's prior inconsistent statement is admissible only for purposes of impeachment unless it falls within a hearsay exception.).

Evidence admissible as impeachment under Rule 613(a) may be excluded under TEX. R. EVID. 403 if its probative value is substantially outweighed by its prejudicial effect. *See Winegarner v. State*, 235 S.W.3d 787, 791 (Tex. Crim. App. 2007). "The rule gives the trial court considerable latitude to assess the courtroom dynamics, to judge the tone and tenor of the witness'[s] testimony and its impact upon the jury, and to conduct the necessary balancing." *Winegarner*, 235 S.W.3d at 791. A trial court's duty, when presented with the issue of the admissibility of a prior inconsistent statement is to balance the probative value, or legitimate impeachment purpose of the statement, against the danger of unfair prejudice to the opposing party in the form of the potential misuse of the statement by the trier of fact for substantive purposes. *Miranda*, 813 S.W.2d at 735.

We conclude that the trial court did not abuse its discretion in overruling appellant's objection under Rule 403. As an accomplice, Santos's version of the events was critical to appellant's prosecution. The probative value of impeaching Santos's potentially untrue testimony

7

was not substantially outweighed by the potential misuse by the jury of his previous statement to Detective Johnson. Furthermore, a party may not impeach its own witness if the primary purpose is merely to get the witness's prior statement before the jury. *Hughes v. State*, 4 S.W.3d 1, 4 (Tex. Crim. App. 1999). In this regard, a party is not permitted to use a "straw-man ploy" to get impeachment evidence before the jury as substantive evidence by calling a witness it knows will testify inconsistently with a previous statement he or she has given. *Miranda*, 813 S.W.2d at 735. The trial court expressly determined that there was no evidence that the State anticipated that Santos's trial testimony would be inconsistent with his statements to Detective Johnson or that the State called Santos as a witness in bad faith. As noted by the court in *Hughes*, surprise on the part of the party calling the witness is a factor to be considered in a Rule 403 analysis. *Hughes*, 4 S.W.3d at 5. Appellant's second point is overruled.

### Jury Argument

In his fourth point, appellant contends that the State made impermissible jury arguments. In one instance, the prosecutor stated: "Mr. Santos is the one that took the purse. And I believe the evidence shows, [appellant] participated in his doing that." In another instance, the prosecutor stated: "And I'll submit to you that the – you don't have to convict [appellant] on the testimony of Mr. Santos, that you have got the other evidence, which is more than sufficient to convict him." Appellant contends that these statements invaded the jury's exclusive role in determining the credibility of the witnesses. However, appellant did not object to either of the challenged jury arguments. A defendant who fails to object to a jury argument forfeits his right to complain about the argument on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Therefore, appellant's complaints are waived. *See id*. at 89. Appellant's fourth point is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE

February 18, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.