

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00279-CR

_____

TRYONE BURLESON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2013-439,137; Honorable Jim Bob Darnell, Presiding

April 15, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Tryone Burleson,[1] was convicted by a jury of two counts of aggravated assault with a deadly weapon, double-enhanced, and sentenced to confinement for a term of ninety-nine years.[2] By two issues he asserts the trial court erred by: (1) allowing

---

[1] We note that Appellant signs his name "Tyrone." The judgments reflect, however, "Tryone."

[2] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). As indicted, each offense was a second degree felony. *Id.* at § 22.02(b). Because each offense was enhanced by two prior felony convictions—assault on a public servant and unlawful possession of a firearm by a felon—the applicable range of punishment for each offense was by confinement for life, or for any term of not more than 99 years or less than 25 years. *Id.* at § 12.42(d).

the presentation of inadmissible evidence and (2) excluding the presentation of admissible evidence. We affirm.

BACKGROUND

In July 2013, Appellant was charged by indictment with two counts of aggravated assault with a deadly weapon and one count of unlawful possession of a firearm by a felon. Count one of the indictment alleged that Appellant intentionally, knowingly, or recklessly caused bodily injury to Joseph Kemp by shooting him with a deadly weapon, to-wit: a firearm, during the commission of an assault. Count two of the indictment alleged Appellant intentionally or knowingly threatened Joseph's son, Chase Kemp, with imminent bodily injury while using a deadly weapon, to-wit: a firearm, during the commission of an assault. A third count charged Appellant with the offense of unlawful possession of a firearm by a convicted felon.

During a four day jury trial, Joseph and Chase identified Appellant as the person who shot Joseph three times in the parking lot of the Game Room, a business establishment in Lubbock County. As a result of the incident, Joseph was shot in the neck, arm, and chest. The identifications by Joseph and Chase were corroborated by a statement Joseph made immediately after the shooting to Leonard Nathan, the owner of the Game Room, and by statements from both witnesses at the hospital where they were taken after the shooting. A third witness testified that, shortly after the shooting, she saw Appellant run across the street, jump into his car, and take off. The jury convicted Appellant of two counts of aggravated assault. After Appellant pled "true" to both enhancements, the jury assessed his punishment at confinement for a term of ninety-nine years. The State dismissed the felon in possession of a firearm charge and

2

the trial court subsequently issued its *Judgment(s) of Conviction by Jury* sentencing him to ninety-nine years confinement on each count. The judgments provided that the sentences would be served concurrently. This appeal followed.

ISSUE ONE—ADMISSION OF INADMISSIBLE EVIDENCE

By his first issue, Appellant asserts the trial court erred by overruling his objection to the testimony of Bill Roberts, a local pawn shop owner, concerning a statement made to him by Alexandra Wilburn, Appellant's fiancée. Appellant contends the statement was inadmissible hearsay and irrelevant. According to Roberts's testimony, Wilburn told him, "[Appellant] shot that man." Roberts was called as a State's witness after Wilburn denied making the statement during her testimony at trial. The State contends Roberts's statement was admissible for purposes of impeachment.

We review a trial court's evidentiary ruling for abuse of discretion. *Hammons v. State,* 239 S.W.3d 798, 806 (Tex. Crim. App. 2007). Under that standard, an appellate court will reverse the trial court's decision only if it acted arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). As long as the trial court's ruling is within the zone of reasonable disagreement, we will not intercede. *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002); *Montgomery,* 810 S.W.2d at 391 (op. on reh'g).

A party may impeach a witness with evidence of a prior inconsistent statement if the party first presents the witness with the existence of the statement, describes the details and circumstances surrounding the statement, and then gives the witness an opportunity to explain or deny the statement. TEX. R. EVID. 613(a). If the admission is

3

partial, qualified, or otherwise equivocal, or if the witness disclaims any memory of making the statement, then the prior statement is admissible for impeachment purposes. *Ruth v. State,* 167 S.W.3d 560, 566 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *McGary v. State*, 750 S.W.2d 782, 786 & n.3 (Tex. Crim. App. 1988)). Furthermore, statements offered for the purpose of showing what was said and not for the truth of the matter asserted do not constitute hearsay. *Lozano v. State,* 359 S.W.3d 790, 820 (Tex. App.—Fort Worth 2012, pet. ref'd). *See Flores v. State,* 48 S.W.3d 397, 404 (Tex. App.—Waco 2001, pet. ref'd) (prior statement that is offered to impeach a witness's credibility is not hearsay).

On direct examination, Wilburn was told the contents of her prior inconsistent statement, the time and place it was made, and to whom it was made. The State provided her with an opportunity to admit, explain, or deny the prior statement. Wilburn's response was that "[she] [d]id not tell Roberts that [Appellant] shot the guy." Accordingly, Wilburn's denial established a sufficient basis to admit the testimony as a prior inconsistent statement. *See Ruth*, 167 S.W.3d at 566.

In addressing the prejudicial impact of the statement, Appellant also asserted the trial court erred by not issuing a limiting instruction after Roberts testified as to Wilburn's statement. Texas Rule of Evidence 105 provides that "[w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, *upon request,* shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court's action in admitting such evidence without limitation shall *not* be a ground for complaint on appeal." TEX. R. EVID. 105(a) (emphasis added). A party opposing the

4

admission or restricted use of evidence has the burden of objecting and requesting a limiting instruction when the evidence is introduced.  *See Garcia v. State,* 887 S.W.2d 862, 878 (Tex. Crim. App. 1994), *cert. denied,* 514 U.S. 1021, 115 S. Ct. 1368, 131 L. Ed.2d 223 (1995), *overruled in part on other grounds, Hammock v. State,* 46 S.W.3d 889, 893 (Tex. Crim. App. 2001).  If a limiting instruction is not requested when the evidence is introduced then it is admitted for all purposes.  *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).  Because Appellant did not request a limiting instruction at trial, he cannot now complain that the trial court erred by not giving one *sua sponte.*

We find the statement was admissible for purposes of impeachment, and therefore, the trial court did not err in overruling Appellant's hearsay objection to Roberts's testimony concerning Wilburn's out-of-court statement.  Appellant's first issue is overruled.

ISSUE TWO—EXCLUSION OF ADMISSIBLE EVIDENCE

By his second issue, Appellant contends the trial court erred by denying him a meaningful opportunity to present evidence of a defensive theory.  Specifically, Appellant contends the trial court erred by refusing to allow him to call a witness to testify regarding felony drug charges that had been filed against Leonard.  It seems that several months after Joseph was shot, Leonard was indicted for possession of a controlled substance with intent to deliver.  Before Appellant came to trial, Leonard passed away and those charges were dismissed.  Appellant sought to introduce evidence of the charges in order to present the defensive theory that the shooting may have occurred over drug dealings between Joseph and Leonard.  Other evidence had

5

already been presented concerning Joseph's drug use. Here, the uncontradicted evidence at trial showed Joseph left the Game Room with Leonard through the rear entrance of the establishment and entered its parking lot. Joseph then spoke with Leonard for a short period of time before Leonard returned to the Game Room. While still standing in the parking lot with Chase, Joseph was then shot after he asked Appellant if he "had a problem." After hearing the gunshots, Leonard returned to the parking lot, where he discovered that Joseph had been injured. Leonard then drove Joseph and Chase to the hospital.

A criminal defendant is guaranteed the constitutional right to have "a meaningful opportunity to present a complete defense." *Miller v. State*, 36 S.W.3d 503, 506 (Tex. Crim. App. 2001) (quoting *Gilmore v. Taylor,* 508 U.S. 333, 343, 113 S. Ct. 2112, 124 L. Ed.2d 306 (1993)). While the exclusion of evidence relevant to a defensive theory can amount to a violation of that right; not every erroneous exclusion of evidence amounts to a constitutional violation. *Potier v. State*, 68 S.W.3d 657, 659 (Tex. Crim. App. 2002). According to the Court of Criminal Appeals, there are two circumstances in which the improper exclusion of evidence may establish a constitutional violation: (1) when a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering *relevant* evidence that is vital to his defense or (2) when a trial court erroneously excludes *relevant* evidence that is a vital portion of the case and the exclusion effectively precludes the defendant from presenting a meaningful defense. *Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005) (citing *Potier,* 68 S.W.3d at 659-62); *Wiley v. State,* 74 S.W.3d 399, 405 (Tex. Crim. App. 2002). If the error is found to be of constitutional proportions, we "must reverse a judgment of conviction or

6

punishment unless [we] determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a).

Here, Appellant does not claim that an evidentiary rule categorically and arbitrarily prohibited him from offering evidence. Therefore, we must first determine whether the trial court impermissibly excluded testimony regarding the indictment against Leonard; and if so, whether the circumscribed evidence was so vital a part of Appellant's case that it effectively precluded him from presenting a defense. The initial question then is whether the trial court's decision to not allow testimony concerning Leonard's indictment amounted to an erroneous exclusion of admissible evidence. We believe it did not.[3]

Evidence which is not relevant is inadmissible. TEX. R. EVID. 402. Relevant evidence is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R. EVID. 401; *Montgomery*, 810 S.W.2d. at 386. When determining whether evidence is relevant, it is important to remember that courts examine the purpose for which the evidence is being introduced and it is critical that there be a direct or logical connection between the actual evidence and the proposition sought to be proved. *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). When making an admissibility determination, the trial court considers the probative value of the evidence and weighs it against the risks of undue prejudice, undue delay or waste of time, and confusing the jury. *Ivie v. State*, 407 S.W.3d 305, 319 (Tex. App.—

---

[3] Because there was no evidentiary error, we need not address whether Appellant was harmed by the exclusion of that evidence. *See* TEX. R. APP. P. 47.1; *Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005) (citing *Potier*, 68 S.W.3d at 659-62)*; Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002).

Eastland 2013, pet. ref'd) (citing *Hodge v. State*, 631 S.W.2d 754, 758 (Tex. Crim. App. 1982)).

Here, to prove his defensive theory, Appellant would have to establish that (1) Leonard and Joseph were engaged in some sort of drug dealing and (2) Joseph was shot by someone other than Appellant as a result of those dealings. Proving that the shooting may have occurred over drug dealings between Joseph and Leonard would not have been relevant to the ultimate question of who shot Joseph. The uncontradicted testimony at trial was that Leonard owed Joseph money for construction work, that they talked in the parking lot, that Leonard then went inside the Game Room, and that Appellant then shot Joseph three times. The fact that Leonard was later indicted for drug trafficking simply was not relevant to the jury's determination whether Appellant shot Joseph. *See Ivie*, 407 S.W.3d at 319-20.

Furthermore, the exclusion of evidence pertaining to Leonard's indictment did not prevent Appellant from offering evidence concerning Joseph's drug problems or making the argument that he was involved in a drug transaction at the time he was shot. Evidence of Joseph's drug use was properly before the jury. That Appellant was "unable to present his defense to the extent and in the form he desired is not prejudicial where, as here, he was not prevented from presenting the substance of his defense to the jury." *Potier*, 68 S.W.3d at 666 (quoting *United States v. Willie,* 941 F.2d 1384, 1398-99 (10th Cir. 1991), *cert. denied*, 502 U.S. 1106, 112 S. Ct. 1200, 117 L. Ed.2d 440 (1992)).

Accordingly, we conclude the trial court did not abuse its discretion by excluding testimony related to Leonard's indictment. Appellant's second issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.