**Affirmed and Memorandum Opinion filed March 7, 2019.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00104-CR
NO. 14-18-00105-CR

**LOVELL JUNIOR KELLY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 1519288 & 1519289**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Lovell Junior Kelly of aggravated assault and felon in possession of a firearm. In each case, the trial court found the enhancement paragraph to be "true" and sentenced appellant to confinement for seventeen years in the Institutional Division of the Texas Department of Criminal Justice. The sentences were ordered to run concurrently. Appellant timely filed a notice of appeal.

Appellant raises two issues on appeal. First, appellant claims the trial court erred in denying his motion for continuance. Second, appellant argues the trial court erred by excluding testimony. For the reasons stated below, we affirm.[1]

## DENIAL OF MOTION FOR CONTINUANCE

The record reflects that trial counsel made an oral motion for continuance based on an alleged *Brady*[2] violation. The Texas Code of Criminal Procedure expressly requires a motion for continuance to be written. *See* Tex. Code Crim. Proc. § 29.03 ("A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion."). Further, the Code requires a sworn motion for continuance. *Id.* § 29.08 ("All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance."). In *Blackshear*, the Texas Court of Criminal Appeals construed these provisions as requiring a sworn and written motion for continuance to preserve any complaint that the trial court erred in denying a motion for continuance. *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (citing *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) ("[I]f a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal.")). The court in *Blackshear* rejected the defendant's argument that these requirements are not absolute, "but rather subject to an exception when the denial of the motion would amount to a deprivation of due process." The court noted it had previously and "explicitly refused to recognize a due process exception to the rule

___

[1] Appellant's issues do not necessitate a discussion of the facts of the offense. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.")

[2] *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

requiring motions for continuances to be written and sworn in order to be preserved on appeal." *Id.* (citing *Anderson*, 301 S.W.3d at 380).

Appellant's motion for continuance was oral and unsworn. Accordingly, appellant did not preserve any complaint arising out of the denial of that motion. *See Woodman v. State*, 491 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Appellant's first issue is overruled.

## EXCLUSION OF EVIDENCE

A trial court's ruling on the admission or exclusion of evidence is reviewed for an abuse of discretion. *Madry v. State*, 200 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). In determining whether an abuse of discretion occurred, we consider whether the trial court acted arbitrarily or unreasonably. *Id.* So long as the trial court's ruling is "within the zone of reasonable disagreement," we must uphold it. *Id.*

Appellant's second issue contends the trial court erred in excluding the testimony of two witnesses, Barbara Guerrier and Kendra Kelly. The testimony was offered pursuant to Tex. R. Evid. 613(a) as extrinsic evidence of prior inconsistent statements made by the complainant for impeachment purposes. Rule 613 provides, in pertinent part:

> **(1) Foundation Requirement**. When examining a witness about the witness's prior inconsistent statement--whether oral or written--a party must first tell the witness:
>> (A) the contents of the statement;
>> (B) the time and place of the statement; and
>> (C) the person to whom the witness made the statement.
> . . .
> **(4) Extrinsic Evidence**. Extrinsic evidence of a witness's prior inconsistent statement is not admissible unless the witness is first

3

> examined about the statement and fails to unequivocally admit making the statement.

Tex. R. Evid. 613. To be admissible under this rule, a prior statement must be inconsistent with the one given at trial. *Madry*, 200 S.W.3d at 769 (citing *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002)). If a party fails to establish the required predicate, the trial court should sustain an objection to extrinsic proof of the prior inconsistent statement. *Id.* (citing *Ferguson v. State*, 97 S.W.3d 293, 296 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd)).

The record reflects that during the State's case in chief the complainant, Jahaile Kelly, testified appellant had a gun in his right hand and pointed it at him. After the State rested, the defense called Barbara Guerrier to testify. Guerrier was asked if she attended the funeral of Linda Kelly, her sister and Jahaile's aunt, in July of 2016. Guerrier testified that both she and Jahaile attended that funeral. The following exchange then occurred:

> [Defense Counsel]: Did you hear Jahaile Kelly personally make any statements about this case at that funeral?
> A. Yes, I did.
> [The State]: Objection. This is hearsay, your Honor.
> THE COURT: Approach the Bench, Counsel. Let's talk about this.

In the discussion at the bench, defense counsel stated, "It is a prior inconsistent statement." The State then complained, essentially, that the proper predicate had not been laid. Jahaile was then called back to the stand by defense counsel as an adverse witness. Defense counsel attempted to lay the proper predicate for an inconsistent statement:

> Q. Okay. Mr. Kelly, I just have a couple questions to ask you in following up. You attended the funeral of your aunt, Linda Kelly?

4

A. Yes.

Q. And you'd mentioned earlier that was in late July of 2016?

A. It was around that time, I believe.

Q. I'm sorry?

A. I don't know exactly what day the funeral was.

Q. Okay. And do you recall making statements during that funeral to several people about this case?

A. No.

Q. Do you recall making any statements that while you did have a verbal altercation with Mr. Lovell Kelly that there was no gun involved? Did you make any such statements?

A. I never said anything like that. As a matter of fact, people at the funeral already knew about this case because he already told them.

Q. So, you're -- what you're telling the ladies and gentlemen of the jury is at that funeral you made no statement to the effect that there was no gun?

A. I never made a statement to anybody.

If the impeaching party fails to establish the proper predicate, the trial court should sustain an objection to extrinsic proof of the prior inconsistent statement. *Madry v. State*, 200 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Ferguson v. State*, 97 S.W.3d 293, 296 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). "The purpose of the foundation requirements for Rule 613(a) is to put the witness on notice as to which statements may be used to impeach [his] credibility." *See Flowers v. State*, 438 S.W.3d 96, 104 (Tex. App.—Texarkana 2014, pet. ref'd). An explicit reference may not be required if the record is clear the witness being impeached was aware of the person to whom the statement was made. *See Flowers*, 438 S.W.3d at 104.

Jahaile was not informed to whom the statement was made and the record does not reflect that he was aware of the person(s) to whom he allegedly made the

statement. Thus, appellant's reliance upon *Baldree v. State,* 248 S.W.3d 224, 232 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd), is misplaced. In that case, the witness sought to be impeached with a prior inconsistent statement was told "the person to whom [the statement] was made (Mrs. Baldree)." *Id.* Clearly, *Baldree* is distinguishable from this case where the person to whom the statement was made was not identified by name.

We do not suggest that the only means of identification is by name. In *Broden v. State,* 923 S.W.2d 183, 189 (Tex. App.—Amarillo 1996, no pet.), the court concluded the proper predicate was laid (under former Tex. R. Crim. Evid. 612(a)) because the defendant was told the statement was made "to one of the arresting officers who testified." Here, Jahaile was told the contents of the statement (there was no gun) and the time and place (Linda Kelly's funeral) but was not given any information that would identify the person to whom the statement was made. *See Huffman v. State*, 479 S.W.2d 62, 66 (Tex. Crim. App. 1972), *overruling on other grounds recognized by Ex parte Castellano*, 863 S.W.2d 476, 479 (Tex. Crim. App. 1993) (holding exclusion of impeachment testimony was not error where witness was asked if he had made the statement to anyone without further identification). Without any means to identify the person to whom the statement was made, the State could not call that person to the witness stand to refute the alleged inconsistency.

Because the proper predicate was not laid, the trial court did not err by refusing to admit the evidence. *See Madry*, 200 S.W.3d at 769; *see also Lewis v. State*, No. 14-99-00538-CR, 2000 WL 729421, at *1 (Tex. App.—Houston [14th Dist.] June 8, 2000, pet. ref'd) (not designated for publication). Appellant's second issue is overruled.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment in each case.

/s/    Margaret "Meg" Poissant
      Justice

Panel consists of Justices Christopher, Hassan and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).