**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00250-CR**
_____

**CHRISTOPHER JOSEPH BABCOCK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 25,291**

**MEMORANDUM OPINION**

Christopher Joseph Babcock ("Babcock") appeals his conviction for sexual assault of a child, with one prior felony enhancement. *See* Tex. Penal Code Ann. § 22.011(a)(2). In two issues, Babcock complains that the trial court erred when it admitted hearsay statements, and when it admitted evidence of extraneous offenses that he was not charged with. As discussed below, we affirm the trial court's judgment.

1

## Background

In 2017, a Polk County grand jury indicted Babcock on a charge of intentionally or knowingly causing the penetration of the female sexual organ of a child younger than seventeen (17) years old on or about October 13, 2016. *See id*. In 2023, Babcock's jury trial began, and the State called seven witnesses, including the victim, "Jana," to testify.[1] Babcock then called two witnesses to testify in his defense, including his daughter and wife. The jury ultimately found Babcock guilty of sexual assault of a child.

Babcock elected for the trial judge to assess punishment, and at the punishment phase of trial the State presented seven witnesses. Babcock presented four witnesses. After closing arguments, the trial judge sentenced Babcock to forty-five (45) years in prison.

This appeal followed.

---

[1]We use pseudonyms to refer to the victim, a minor, and we refer to her family members by their relationship to the victim to protect the victim's privacy. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal judicial process").

## Standard of Review

Appellate courts review a trial court's ruling regarding the admission or exclusion of evidence for an abuse of discretion. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). Under the abuse of discretion standard, a trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside "the zone of reasonable disagreement," or is "arbitrary or unreasonable." *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002) (citation omitted) (discussing zone of reasonable disagreement); *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005) (citation omitted) (discussing arbitrary and unreasonable). The ruling of the trial court will be upheld provided that the trial court's decision "is reasonably supported by the record and is correct under any theory of law applicable to the case." *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005) (citation omitted). Additionally, an appellate court reviews the trial court's ruling considering the record before the court "at the time the ruling was made." *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000) (citations omitted).

Relevant evidence is generally admissible. Tex. R. Evid. 402. Rules of Evidence 404 and 403 govern the admission of evidence. *See id*. 403, 404. Under Rule 403 of the Texas Rules of Evidence, a "court may exclude relevant evidence if

its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." *Id*. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g).

Rule 404(b) provides that extraneous-offense evidence "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Tex. R. Evid. 404(b). "Rule 404(b)…is a rule of inclusion rather than exclusion," and the "enumerated exceptions" listed under Rule 404(b) "are neither mutually exclusive nor collectively exhaustive." *Chaparro v. State*, 505 S.W.3d 111, 115–16 (Tex. App.—Amarillo 2016, no pet.) (citation omitted) (explaining it is a rule of inclusion); *Torres v. State*, 543 S.W.3d 404, 420 (Tex. App.—El Paso 2018, pet. ref'd) (citation omitted) (noting rule is not exclusive or exhaustive).

## Analysis

In his first issue, Babcock argues that the trial court permitted a hearsay statement from Ashley Cryer ("Cryer"), a family friend of Jana. According to Babcock, Cryer's statement is hearsay and not subject to any hearsay exception that would permit the statement. Babcock argues that Cryer's statement was extremely prejudicial and affected Babcock's substantial rights.

At trial, Cryer testified that she is a family friend of Jana. According to Cryer, in 2016, she was at a Halloween get-together with her family and friends, including Jana. Cryer testified that she could tell that something was off with Jana, and she asked Jana if she wanted to talk. According to Cryer, Jana wanted to talk and told her that Babcock "got in the bed with me and fingered me[.]"

Prior to Cryer's testimony about this, counsel for the State and Babcock spoke with the trial judge about Jana's statement to Cryer. The State explained that she was going to ask Cryer what Jana told her under the hearsay exception of present sense impression. Counsel for Babcock disagreed that the exception applied since Cryer had already testified that she could tell that Jana was uncomfortable. The trial judge stated that he would allow "just that one question[.]"

If the trial court erred by admitting the testimony Babcock claims was inadmissible as hearsay, the erroneous admission of evidence in a trial is non-

constitutional error that is subject to a harm analysis. *See* Tex. R. App. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). A non-constitutional error that does not affect substantial rights must be disregarded. *See Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008); *see also* Tex. R. App. P. 44.2(b). We may disregard error in admitting hearsay if, after examining the entire record, we have fair assurance that the error did not influence the jury or had but a slight effect. *See Taylor*, 268 S.W.3d at 592; *see also* Tex. R. App. P. 44.2(b).

Here, even when we disregard the testimony that Babcock complains about, the evidence indicates that Jana testified at trial about Babcock touching her inappropriately on the morning of October 13th. At trial, Jana testified that Babcock "insert[ed] his fingers inside my vagina" and that Babcock "touched my clitoris and then after that he inserted his fingers in my vagina." Considering the record as a whole, we conclude that Cryer's testimony either did not influence the jury or had but a slight effect. *See Taylor*, 268 S.W.3d at 592; *see also* Tex. R. App. P. 44.2(b). Therefore, we hold that even if the trial court erred by admitting the testimony, Babcock is not entitled to a new trial. *See* Tex. R. App. P. 44.2(b). We overrule Babcock's first issue.

6

In his second issue, Babcock argues that the State alluded to two incidents occurring in opening statements but failed to present any evidence regarding a second incident between Jana and Babcock. According to Babcock, the State failed to timely elect the incident that they sought a conviction for, and therefore a comment regarding a second incident is reversible error.

"In a sexual assault trial, where one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence, the State must elect the act upon which it would rely for conviction." *Garcia v. State*, 614 S.W.3d 749, 753 (Tex. Crim. App. 2019) (citation omitted). It is at the discretion of the trial judge to order the State to make this election any time prior to the State resting its case in chief. *See id.* "But once the State rests, in the face of a timely request by the defendant, the trial court must order the State to make a decision." *Id.* "'Failure to do so constitutes error.'" *Id.* (quoting *O'Neal v. State*, 746 S.W.2d 769, 772 (Tex. Crim. App. 1988)).

The record indicates that Jana was the State's final witness during the guilt/innocence phase of trial. During the State's questioning of Jana, and outside the presence of the jury, counsel for the State and Babcock discussed with the trial judge the possibility that Jana would allude to another incident with Babcock that allegedly occurred on the very next day, on October 14. At the conclusion of the

discussion, the record indicates that the State elected to prove that an incident occurred on October 13. The record indicates that prior to bringing the jury back into the courtroom, the trial judge instructed Jana that she was only to testify regarding what Babcock allegedly did to her on October 13. After this instruction, the jury returned to the courtroom, and the State continued its questioning of Jana.

Although the State commented in its opening statement that another incident occurred the next day, the trial court had previously admonished the jury that statements from the lawyers, particularly in opening statements, were not evidence. Since, the State's opening statement is not evidence, there is no evidence in the record that Jana or any other witness testified to any incident other than what occurred on October 13. *See Llamas v. State*, 270 S.W.3d 274, 279 (Tex. App.— Amarillo 2008, no pet.) (stating that opening statements are not evidence). The jury charge further informed the jury that they were to "consider only the evidence and exhibits presented here in the courtroom through the witnesses who have testified." We presume the jury followed the trial court's instructions. *See Reed v. State*, 680 S.W.3d 620, 627 (Tex. Crim. App. 2023).

The record establishes that there was no evidence presented to the jury regarding an extraneous offense on October 14, and that the State made its election regarding the act it would rely on for conviction prior to resting its case in chief.

Because the prosecutor in a sexual assault case is required to make its election regarding the act upon which it will rely for conviction by the end of its case in chief, the State's election was timely. *See Garcia*, 614 S.W.3d at 753. We overrule issue two.

## Conclusion

Having overruled both of Babcock's issues, the trial court's judgment is affirmed.

AFFIRMED.

W. SCOTT GOLEMON<br>
Chief Justice

Submitted on March 27, 2025
Opinion Delivered April 9, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.